v.

Nancy CAMPBELL et al., Appellees.

Court of Appeals of Kentucky.

Oct. 28, 1955.

Cova COMBS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Oct. 28, 1955.

Scott E. Duff, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Cova Combs was tried and convicted under KRS 436.010 for the crime of seduction of Betty Sue Burgett, and his punishment was fixed at confinement in the state reformatory for a term of one year. From this judgment he appeals.

Appellant is under 21 years of age. Both before and during the trial he offered to marry the prosecutrix, but his father refused to give his consent to the marriage as required by KRS 402.210. Appellant insists that his offer and willingness should constitute a defense under KRS 436.010, notwithstanding the refusal of parental consent.

The language of KRS 436.010(2) is as follows: "No prosecution under subsection (1) of this section shall be instituted where the person charged has married the girl seduced or *offers and is willing to marry her* * * *." (Emphasis ours.) The contention of the appellant is that since he has offered and is willing to marry the girl, he has qualified for the exoneration afforded by the statute, and should be relieved of the prosecution, even though he is not able to comply with his offer.

We take a somewhat different view. At the outset, we think it is clear that the appellant committed the offense of seduction when he induced the girl to submit to him under promise of marriage, notwithstanding that he was then incapable, without parental consent, of fulfilling the promise. See Annotation, 85 A.L.R. 123. To permit him to escape punishment by hiding behind the refusal of parental consent would have the practical effect of holding that boys under 21 years of age may commit seduction with impunity. See Merrell v. State, 42 Tex.Cr.R. 19, 57 S.W. 289. So

we cannot accept the argument that the mere willingness of the accused to marry the girl is enough to exonerate him.

On the other hand, it must be kept in mind that to send the offending boy to the reformatory will not afford an adequate remedy for the seduced girl. This Court has recognized that the "purpose, intent, hope, and spirit" of the seduction statute is the marriage of the parties. Commonwealth v. Wright, 27 S.W. 815, 816, 16 Ky.Law Rep. 251. Therefore, a bona fide desire of the boy to accomplish the marriage should be allowed to be fulfilled if at all possible.

The public policy as expressed in the seduction statute is that marriage of the parties to a seduction should be encouraged. This is a specific policy favoring marriage in this particular situation. As opposed to this we have a general, broad expression of policy, in KRS 402.210, against marriage of minors without parental consent. In our opinion, the broad policy regarding marriages in general, as expressed in KRS 402.210, must give way to the specific policy expressed in the seduction statute. Accordingly, we think that in a seduction case involving a minor defendant, consent of the parents of the defendant is not required in order to qualify the defendant for the exoneration provided by the seduction statute.

We are remanding this case, with directions to the circuit judge to advise the accused that the marriage may be entered into without parental consent. If, upon such advice, the accused renews his statement of willingness to marry, the court will order that consent of the accused's parent be dispensed with, and that upon the marriage the judgment of conviction be suspended. Otherwise, the conviction will stand.

The judgment is reversed and the case is remanded for proceedings in conformity with this opinion.